IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**MARK HAINES**,

        Plaintiff,

        v.                                         Civil Action NO. 3:12-CV-51
                                                        Judge Bailey

**SHERIFF ROBERT "BOBBY" SHIRLEY**,
in his official and individual capacity,
**DEPUTY JOSEPH FORMAN**, in his individual
capacity, **DEPUTY TERRY PALMER**, in his
individual capacity, **TROOPER JOSEPH BUSH**,
in his individual capacity, **DEPUTY J.H. JENKINS**,
in his individual capacity, **DEPUTY C. MERSON**,
in his individual capacity, , **DEPUTY COREY
WELCOME**, in his individual capacity, and
**DEPUTY T.A. SHERMAN**, in his individual
capacity,

        Defendants.

## ORDER DENYING INTERVENTION

Pending before this Court are a Motion for Leave to Intervene to Assert Declaratory Judgment Complaint (Doc. 51) and Motion for Leave to Partially Withdraw Motion for Leave to Intervene to Assert Declaratory Judgment Complaint (Doc. 54), both filed by the West Virginia Counties Self-Insurance Risk Pool, Inc., d/b/a WV County Risk Pool ("Risk Pool").

In the first motion, the Risk Pool seeks leave to intervene in this personal injury action to assert a declaratory judgment action. The Risk Pool seeks a declaration that it owes no duty to defend or indemnify defendant Sheriff Robert "Bobby" Shirley and that it has only a limited duty to indemnify defendants Deputy Joseph Forman and Deputy Terry

1

Palmer with respect to the allegations in the Amended Complaint.  In the second motion, the Risk Pool withdraws its pursuit of the declaratory judgment with respect to Deputies Forman and Palmer.

## BACKGROUND

On or about May 29, 2012, the plaintiff brought suit in the United States District Court for the Northern District of West Virginia under 42 U.S.C. § 1983 and West Virginia state law alleging deprivation of constitutional rights under 42 U.S.C. § 1983 (Count 1) and common law assault, battery, and intentional infliction of emotional distress (Count 2) (Doc. 1).  On November 30, 2012, the plaintiff filed an Amended Complaint adding parties (Doc. 18).

On January 24, 2013, the West Virginia Counties Group Self-Insurance Risk Pool, Inc. ("Risk Pool") filed its Motion to Intervene (Doc. 51).

## DISCUSSION AND CITATION TO AUTHORITY

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.  Rule 24(b)(1)(B) provides that the court has the discretion to allow a party to intervene where the party "has a claim or defense that shares with the main action a common question of law or fact."

Courts have noted the lack of common issues of law or fact where an insurer seeks to intervene in a case involving the insured where the insurer denies liability.  *See e.g.*

2

*Travelers Indemnity Co. v. Dingwell, et al.*, 884 F.2d 629 (1st Cir. 1989), *Seneca Insurance Co., Inc. v. Lexington and Concord Search and Abstract, LLC, et al.*, 484 F.Supp. 374 (E.D. Pa. 2007). In *Dingwell*, the court addresses the precise issue at bar, namely the propriety of allowing an insurer to intervene so as to litigate whether the insurer is liable to the insured defendant for any of the claims of the action. The court found that the problem with allowing intervention for this purpose is that the issue of insurer liability "is not related to the subject matter of this action between [the plaintiff] and the [insured defendant]." *Id.* at 640. (citations omitted).

The issues in the above-styled action relate to tort liability and not the apportionment of that liability between the insured and the insurer. The court in *Dingwell* found that the suit against the insured in which the insurer sought to intervene involved "the apportionment of tort liability, not the respective rights and obligations of an insured and his insurers under their insurance policy.... In short, we will not allow the insurers to bootstrap their coverage defenses into this lawsuit." *Id.* Likewise, the court in *Seneca* rejected the insurer's arguments for permissive joinder finding that the declaratory judgment sought by the insurer involved "interpretation of the [insured's policies].... which involv[ed] issues distinct from [the liability of the insured with respect to the claims in the original action]." *Seneca*, 484 F.Supp. at 380.

As "the district court enjoys broad discretion in making determinations regarding permissive intervention under 24(b)(2)," *Dingwell*, 884 F.2d at 641; and the issues of interpretation of the insured's policy are distinct from the issues of the insured's liability in tort to the plaintiff in this action, the Court finds that the Motion to Intervene should be

3

**DENIED**.

## CONCLUSION

The Court, therefore, finds that the West Virginia Counties Group Self-Insurance Risk Pool, Inc.'s Motion for Leave to Intervene to Assert Declaratory Judgment Complaint **(Doc. 51)** should be **DENIED**. The West Virginia Counties Group Self-Insurance Risk Pool, Inc.'s Motion for Leave to Partially Withdraw Motion for Leave to Intervene to Assert Declaratory Judgment Complaint **(Doc. 54)** is **GRANTED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and to the proposed intervenors.

**DATED**: February 25, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE